## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CYRIL DAVID DANIEL ORAM, JR.,
        Appellant,

        v.

DEPARTMENT OF HOMELAND
    SECURITY,
        Agency.

DOCKET NUMBER
DC-4324-18-0042-I-1

DATE: February 15, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

Cyril David Daniel Oram, Jr., Bellingham, Washington, pro se.

Jana Pariser and Jane Brittan, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### REMAND ORDER

¶1 The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) (codified as amended at 38 U.S.C. §§ 4301-4335). For the reasons discussed below, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2 The agency posted an announcement for GS-12 and GS-13 Information Technology (IT) Specialist positions in multiple locations, which were open during the period from August 4-11, 2017. Initial Appeal File (IAF), Tab 6 at 29-42. The announcement identified the appointment type as "Temporary – Temporary NTE June 30, 2020," and stated that it was open to "[c]urrent or former competitive service employees, including: Merit promotion; Career Transition (CTAP, ICTAP, RPL); Transfer." *Id.* at 29, 32. The "Who May Apply" section of the announcement also stated that the positions were open to applicants who were eligible for "re-employment as a Federal annuitant; [] (ICTAP) eligible in the commuting area; Persons eligible under the Veterans Employment Opportunities Act of 1998 (VEOA)." *Id.* at 34. The appellant applied for the position during the open period and indicated on his application that he was entitled to veterans' preference. *Id.* at 53, 57, 68-70.

¶3 On August 23, 2017, the agency sent the appellant separate emails about his GS-12 and GS-13 applications informing him that he was ineligible for consideration for the positions due to an "administrative error." *Id.* at 49-50. Elaborating, the emails stated, "VEOA mandates that eligible veterans be given career or career conditional appointments; temporary or term appointments cannot be offered," and noted that the positions to which the appellant had applied were temporary or term appointments. *Id.*

¶4 The appellant emailed the agency's human resources office requesting that the agency "reconsider both applications additionally competitively and noncompetitively as a current federal employee transfer," but he did not receive a response. *Id.* at 46. Subsequently, the appellant filed a VEOA complaint with the

Department of Labor (DOL). *Id.* at 44. After exhausting his administrative remedies for his VEOA appeal with DOL, *id.* at 24, the appellant filed a Board appeal in which he argued that the agency violated his veterans' preference rights by failing to consider his application for the temporary/term IT Specialist position, which the administrative judge docketed as separate appeals under VEOA and USERRA.[2] IAF, Tab 1; *see Oram v. Department of Homeland Security*, MSPB Docket No. DC-3330-18-0041-I-1, Appeal File (0041 AF), Tab 1. The administrative judge docketed the VEOA appeal as MSPB Docket No. DC-3330-18-0041-I-1, and the instant USERRA appeal as MSPB Docket No. DC-4324-18-0042-I-1.

¶5 The administrative judge issued an order finding Board jurisdiction over the appellant's claim of military-status discrimination under USERRA and setting a joint hearing on the appellant's VEOA and USERRA appeals. IAF, Tab 13 at 4-7. After the appellant failed to connect to the conference call on the day of the hearing, the administrative judge held the hearing with only the agency and its witness and closed the record at the end of the hearing. IAF, Tab 32, Hearing Compact Disc (HCD). The administrative judge subsequently issued an initial decision on the USERRA claim holding that the appellant failed to submit any direct or circumstantial evidence demonstrating that his prior military status was a motivating factor in the agency's decision not to select him for either of the

---

[2] The appellant did not make any allegations related to USERRA in his complaint to DOL and has not alleged that he has exhausted his administrative remedies with DOL concerning his USERRA complaint. *Cf. Becker v. Department of Veterans Affairs*, 107 M.S.P.R. 327, ¶ 12 (2007) (noting that when an appellant files a USERRA complaint with DOL before filing an appeal with the Board, he must exhaust his administrative remedies with DOL prior to submitting his USERRA complaint to the Board). Unlike an appeal brought under VEOA, there is no requirement that an employee exhaust his remedies with DOL before filing a USERRA appeal with the Board. *Id*.

vacancies at issue.[3]  IAF, Tab 33, Initial Decision (ID) at 6; *see Sheehan v. Department of the Navy*, 240 F.3d 1009, 1014 (Fed. Cir. 2001).  Consequently, the administrative judge denied the appellant's request for corrective action on his USERRA discrimination claim.  ID at 7.

¶6      The appellant has filed a petition for review and a supplement to his petition for review.  Petition for Review (PFR) File, Tabs 1-2.  The agency has filed a response in opposition to the petition for review, and the appellant has not filed a reply.  PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7      On review, the appellant challenges a number of the administrative judge's rulings denying his discovery-related requests, asserting that the administrative judge "appeared to subject [him] to procedures not consistent with requirements."[4]  PFR File, Tab 1 at 5-6.  However, the appellant does not specifically challenge the administrative judge's findings concerning his USERRA claim or even refer to his USERRA claim in any of his filings on review.

¶8      Regarding the appellant's claim that the administrative judge's rulings denying his discovery-related requests constituted an abuse of discretion, there is no merit to the appellant's claim.  *Id.*  The appellant appears to be referring to an order the administrative judge issued denying his request that the administrative judge certify a discovery ruling for interlocutory appeal to the Board.  IAF, Tab 21 at 1.  The disputed discovery ruling the appellant sought to certify was the denial of the appellant's motion to compel as untimely.  *Id.*

---

[3] The administrative judge also issued a separate initial decision on the VEOA claim. 0041 AF, Tab 37.  A petition for review has been filed in that case and is being separately adjudicated.

[4] The appellant also alleges error in the administrative judge's decisions denying his request for recusal and his motion to quash, but those claims appear related to his separately docketed VEOA appeal, so we have not addressed them here.  0041 AF, Tabs 25-26, 28.

¶9      The Board's regulations provide for certification of a ruling for interlocutory review when (a) the ruling involves an important question of law or policy about which there is substantial ground for difference of opinion; and (b) an immediate ruling will materially advance the completion of the proceeding, or the denial of an immediate ruling will cause undue harm to a party or the public. 5 C.F.R. § 1201.92. Based on our review of the record, the appellant's request does not meet the criteria for certification. Nothing about the discovery dispute at issue here involved an important question of law or policy that required an immediate resolution such that certification was necessary. *See id.*

¶10     Regarding the substance of the appellant's discovery-related challenges, we similarly find no error. As the administrative judge noted in his ruling on the matter, although the appellant informed the agency that he intended to file a motion to compel discovery responses on December 20, 2017, he did not actually file the motion until January 11, 2018—well after the 10-day period for doing so had elapsed—and, therefore, his motion was untimely. IAF, Tab 19 at 2-3; Tab 20 at 4, 11. Conversely, the agency filed its motion to compel within the proscribed timelines after the appellant made clear that he refused to engage in the discovery process. IAF, Tab 19 at 3.

¶11     To the extent the appellant is suggesting that the administrative judge exhibited bias by denying his discovery-related requests, it is well established that conclusory claims of bias that do not involve extrajudicial conduct do not overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Simpkins v. Office of Personnel Management*, 113 M.S.P.R. 411, ¶ 5 (2010). The appellant's conclusory assertions here, unsupported by any objective evidence, do not meet this standard. *See Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013) (explaining that there is a presumption of honesty and integrity on the part of administrative judges that only can be overcome by a substantial showing of personal bias and that the Board will not infer bias based on an administrative judge's case-related rulings);

*Caracciolo v. Department of the Treasury*, [105 M.S.P.R. 663](), ¶ 14 (2007) (holding that the mere fact that the administrative judge made rulings with which the appellant disagrees does not support a recusal), *overruled on other grounds by Brookins v. Department of the Interior*, [2023 MSPB 3]().

The administrative judge erred by holding the hearing in the appellant's absence.

¶12    On review, the appellant asserts for the first time that he had "technical difficulties" that prevented him from participating in the video hearing, that he informed the administrative judge of the difficulties, and that he was prejudiced by the administrative judge's decision to hold the hearing in his absence. PFR File, Tab 1 at 5-6. In a status conference summary order dated January 12, 2018, the administrative judge scheduled the prehearing conference for February 14, 2018, and the hearing for February 20, 2018. IAF, Tab 19 at 1-2. In a January 30, 2018 order denying the appellant's discovery-related motion, the administrative judge reiterated that the previously scheduled telephonic prehearing conference remained scheduled for February 14, 2018. 0041 AF, Tab 29 at 1. Both the agency and the appellant submitted their prehearing submissions on February 12, 2018, IAF, Tabs 28-29, and both parties were present on the prehearing conference call 2 days later, on February 14, 2018, IAF, Tab 30 at 1.

¶13    During the prehearing conference, the administrative judge discussed logistics for the appellant's participation in the hearing via video conference using GoToMeeting and directed the parties to attend a test call the following day, February 15, 2018. IAF, Tab 31 at 1. The appellant failed to appear for the test call on February 15, 2018, but submitted a filing 30 minutes before the scheduled time for the test call in which he addressed the agency's prehearing submissions. *Id.* at 2. The administrative judge issued a memorandum documenting the appellant's absence; stating that the February 20, 2018 hearing would continue as scheduled; and apprising the appellant that if he failed to appear, the hearing would continue in his absence and the record would close

upon completion of the hearing. *Id.* In the order, the administrative judge also instructed the appellant to contact him on the day of the hearing if he encountered any technical difficulties and provided the appellant with a telephone number. *Id.*

¶14 The scheduled hearing took place starting at 7:10 a.m. on February 20, 2018. HCD; ID at 4. Agency counsel and the agency's sole approved witness appeared before the administrative judge in person at the Board's Washington Regional Office, but the appellant failed to join the GoToMeeting conference at any point after the scheduled start of the hearing. HCD; ID at 4-5. The hearing concluded at 7:47 a.m. HCD; ID at 5. The appellant alleges, for the first time on review, that he "had substantial technical difficulties attending the hearing which he communicated to the Board," although no such communication was documented in the hearing record, and the appellant has not provided any evidence of any such communication. PFR File, Tab 1 at 6.

¶15 An appellant who establishes jurisdiction over a USERRA appeal has an unconditional right to a hearing if he requests one. *Kirkendall v. Department of the Army*, 479 F.3d 830, 844-46 (Fed. Cir. 2007). Nevertheless, as the Federal Circuit has noted of the right to a hearing, "if the employee forfeits the right which Congress conferred, he must forego the benefits." *Callahan v. Department of the Navy*, 748 F.2d 1556, 1559 (Fed. Cir. 1984). To strike a balance between these considerations, MSPB's Administrative Judges' (AJ) Handbook describes what an administrative judge should do in a circumstance when an appellant fails to appear at a scheduled hearing:

> If the appellant and the appellant's designated representative (if any) fail to appear for the scheduled hearing, the hearing cannot proceed. The AJ should try to call the appellant, and if unsuccessful in making contact, wait a reasonable time before cancelling the hearing in case the appellant is merely tardy. If neither the appellant nor the appellant's representative appears, the AJ must issue a show cause order that requires the appellant to show good cause for his or her absence. The AJ must then follow up with a second order either rescheduling the hearing if the appellant establishes good cause, or setting the date for the close of the record if the appellant fails to

> respond to the order or if the response fails to show good cause. In the latter instance, the appeal must be adjudicated on the basis of the written record only. *See Callahan v. Department of the Navy*, [748 F.2d 1556](#) (Fed. Cir. 1984).

Merit Systems Protection Board, Judges' Handbook, chapter 4, § 13(a).[5]

¶16 Here, the record does not reflect that the administrative judge attempted to contact the appellant and then cancel the hearing after waiting a reasonable amount of time. The administrative judge also did not issue a show cause order providing the appellant with an opportunity to demonstrate good cause for his absence, and he did not reschedule the hearing or, alternatively, cancel the hearing entirely and adjudicate the case based on the written record.

¶17 Accordingly, we find that the administrative judge erred by holding the hearing in the appellant's absence. Consequently, we vacate the initial decision and remand the appeal to the Washington Regional Office for a new hearing on the merits of the appellant's USERRA claim and the issuance of a new initial decision on the merits of that claim.

---

[5] The Board has held that "the [AJ] Handbook is not mandatory and failure to apply its provisions does not establish adjudicatory error." *Gregory v. Department of the Army*, [114 M.S.P.R. 607](#), ¶ 22 (2010). Similarly, *Koehler v. Department of the Air Force*, [99 M.S.P.R. 82](#), ¶ 13 n.4 (2005), provides that the AJ Handbook only provides "guidance," is not an independent source of authority for administrative judges, and "creates no greater substantive rights for appellants than that to which they are entitled by law, rule, or regulation, as developed through the Board's own current case law and that of our reviewing court . . . ." As noted above, this particular procedure in the AJ Handbook was adopted to follow the Federal Circuit's guidance in *Callahan*.

## ORDER

¶18    For the reasons discussed above, we remand this case to the Washington Regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    _____/s/ for_____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.