**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2023 MSPB 3**

Docket No. DE-531D-18-0028-I-1

**Karl Brookins,**

**Appellant,**

**v.**

**Department of the Interior,**

**Agency.**

January 10, 2023

Karl Brookins, Fort Collins, Colorado, pro se.

Deborah E. Yim, Esquire, Lakewood, Colorado, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Limon recused himself and
did not participate in the adjudication of this appeal.

## OPINION AND ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his appeal of his within-grade increase (WIGI) denial for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Denver Field Office for further adjudication.

## BACKGROUND

¶2    The appellant was a Fishery Biologist for the agency. Initial Appeal File (IAF), Tab 1 at 8. On September 3, 2017, he became eligible for a WIGI from a

GS-12 step 5 to a step 6. *Id.* On September 15, 2017, the agency informed him that it was denying his WIGI because he received a "minimally successful" rating for the rating period of October 1, 2015, through September 30, 2016, and completed a performance improvement plan that resulted in his performance rating being raised from "unsatisfactory" to "minimally successful" on one of his critical elements.[1] *Id.* at 8-9, 11-12. In the notice of his WIGI denial, the agency informed him that he could request reconsideration of its determination, which he did on September 30, 2017. IAF, Tab 1 at 9, Tab 4 at 28-38. On October 10, 2017, the agency denied his request for reconsideration. IAF, Tab 1 at 13.

¶3    On October 22, 2017, the appellant timely filed an initial appeal with the Board, alleging that, in denying his WIGI and request for reconsideration, the agency committed prohibited personnel practices (PPPs) under 5 U.S.C. § 2302(b)(2) and (b)(12). *Id.* at 5. The administrative judge conducted a preliminary status conference and subsequently issued a summary and order questioning the Board's jurisdiction over the appellant's WIGI denial because the appellant was a bargaining unit employee, WIGI denials were subject to the negotiated grievance procedures of the applicable collective bargaining agreement (CBA), and the appellant had not alleged discrimination after a final decision, as required to elect a Board appeal under 5 U.S.C. § 7121(d). IAF, Tab 8 at 1-3. The administrative judge ordered the appellant to submit evidence and argument to establish that the Board had jurisdiction over the agency's denial of his WIGI. *Id.* at 3. The appellant responded to the administrative judge's order, arguing among other things that 5 U.S.C. § 7121(g) allows for an appeal directly to the Board when the aggrieved employee alleges a violation of 5 U.S.C.

---

[1] The memorandum denying the appellant's WIGI referenced "Critical Element 5," but the appellant only had four critical elements, the fourth of which was rated "minimally successful." IAF, Tab 1 at 8, 11.

§ 2302(b)(2)-(14) in connection with an action covered under negotiated grievance procedures. IAF, Tab 9 at 4-5.

¶4 On December 19, 2017, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without a hearing. IAF, Tab 12, Initial Decision (ID) at 1. The administrative judge found that the appellant was a bargaining unit employee who was subject to the grievance procedures set forth in the CBA. ID at 4. He additionally found that the denial of a WIGI is not identified on the list of matters excluded from the grievance process, and thus the CBA allowed for grievances of such denials. *Id.* Under these circumstances, the administrative judge found that, if "the [CBA] provides for review of WIGI denials under the grievance procedure, then that procedure is exclusive." ID at 3 (citing 5 C.F.R. § 531.410(d)). The administrative judge stated that the only exception to this rule is when the employee alleges discrimination under 5 U.S.C. § 2302(b)(1). ID at 3-4 (citing 5 U.S.C. § 7121(d)). Even in the presence of a claim of discrimination, the administrative judge continued, the employee must first pursue the matter through the negotiated grievance procedures and receive a final decision on the matter in order to then pursue the matter before the Board. ID at 4. The administrative judge found that, absent an allegation of discrimination, the appellant's only avenue of recourse was through the negotiated grievance procedure, and thus the Board lacks jurisdiction to hear the matter, regardless of his claim of PPPs under 5 U.S.C. § 2302(b)(2) and (b)(12). ID at 4-6.

¶5 The appellant has filed a petition for review, arguing among other things that the grievance procedures are not his exclusive remedy because he has alleged PPPs under 5 U.S.C. § 2301(b)(2) and (12), and therefore, he may elect a direct

Board appeal under 5 U.S.C. § 7121(g).[2]  Petition for Review (PFR) File, Tab 1. The agency has filed a response.  PFR File, Tab 3.

## ANALYSIS

¶6        An employee occupying a permanent position under the General Schedule earns a periodic increase in pay, or WIGI, as long as his performance is at an acceptable level of competence.  5 U.S.C. § 5335(a).  An agency's decision to deny a WIGI is appealable to the Board under 5 U.S.C. § 5335(c), provided that the employee first requests reconsideration from the agency and the agency affirms the denial.  *Priselac v. Department of the Navy*, 77 M.S.P.R. 332, 335 (1998).  Nevertheless, if a WIGI denial is also grievable under a negotiated grievance procedure, then it will be subject to the election of remedies provisions of 5 U.S.C. § 7121.  Generally, if an employee is covered by a CBA that includes WIGI denials in its negotiated grievance procedures, then those procedures are the exclusive procedures for appealing the denial.  5 U.S.C. § 7121(a)(1).  Under the Civil Service Reform Act of 1978 as originally enacted, the only exception to this general rule was found in 5 U.S.C. § 7121(d), for cases in which the employee alleges that he has been affected by a PPP under 5 U.S.C. § 2302(b)(1).[3]  Pub. L. No. 95-454, § 7121, 92 Stat. 1111.  It is undisputed that this exception does not apply to the instant appeal because the appellant has not alleged that the agency subjected him to a PPP under 5 U.S.C. § 2302(b)(1).  PFR File, Tab 1 at 6.  However, in 1994, Congress amended 5 U.S.C. § 7121 by adding a new subsection (g) and providing another exception for cases in which employees allege that they have been affected by a PPP other than under 5 U.S.C.

---

[2] The appellant's petition for review raises numerous other arguments in support of jurisdiction; however, because we find that his argument concerning the application of 5 U.S.C. § 7121(g) warrants remand, we decline to reach those arguments at this time.

[3] Another exception exists for removals and other adverse actions that are otherwise appealable under 5 U.S.C. chapters 43 or 75.  5 U.S.C. § 7121(a)(1), (e).

§ 2302(b)(1). Pub. L. No.103–424, § 9, 108 Stat. 4361. That is the exception that applies to the instant appeal.

¶7    Although this statute was amended in 1994, the Board has not yet issued a precedential decision addressing the section 7121(g) exception as applied to appeals of WIGI denials under 5 U.S.C. § 5335(c).[4]  In finding that the appellant's only avenue to the Board was through 5 U.S.C. § 7121(d), the administrative judge considered the Board's nonprecedential decision in *Silveria v. Department of Veterans Affairs*, MSPB Docket No. SF-531D-16-0042-I-1, Final Order (Jan. 6, 2017).[5]  ID at 4. However, the facts in *Silveria*, which included allegations of PPPs under 5 U.S.C. § 2302(b)(1), indicated that 5 U.S.C. § 7121(d) was the applicable exception in that case. *Silveria*, Final Order, ¶¶ 5, 9, 12-13, 18. The Board did not cite or discuss 5 U.S.C. § 7121(g) because that exception was not implicated by the facts of that particular case—not because that exception is unavailable as a general matter.

¶8    Nevertheless, in reaching its decision, the Board in *Silveria* cited to *Hunt v. Department of Veterans Affairs*, 88 M.S.P.R. 365, ¶ 6 (2001), in which the Board held in relevant part as follows:

> If an employee is covered by a CBA containing a grievance procedure that does not exclude WIGI withholdings from its coverage, and if the employee does not allege prohibited discrimination, she cannot appeal an agency's decision to withhold a

---

[4] The U.S. Court of Appeals for the Federal Circuit has issued one nonprecedential decision that provides some helpful guidance. *Weslowski v. Department of the Army*, 217 F.3d 854, *3 (Fed. Cir. 1999) (Table) (holding that 5 U.S.C. § 7121(g) is an exception to the general rule set forth in 5 U.S.C. § 7121(a)(1) that the negotiated grievance procedure is the exclusive administrative procedure for resolving disputes that fall within a CBA's coverage). Although *Weslowski* is not binding on the Board, we have considered it for its persuasive value. *See Jennings v. Social Security Administration*, 123 M.S.P.R. 577, ¶ 25 n.2 (2016).

[5] The administrative judge recognized that *Silveria* was not a binding decision, but he considered it for its persuasive value. ID at 4 n.3; *see* 5 C.F.R. § 1201.117(c)(2).

WIGI; instead, the negotiated grievance procedure is the exclusive means for resolving the dispute.

This holding seems to suggest that, for a WIGI denial covered under a negotiated grievance procedure, the only avenue of Board review is through 5 U.S.C. § 7121(d), to the exclusion of 5 U.S.C. § 7121(g). To the extent that it does, *Hunt* is overruled.[6] We also overrule other Board cases issued after the enactment of 5 U.S.C. § 7121(g), such as *Caracciolo v. Department of the Treasury*, 105 M.S.P.R. 663, ¶ 8 (2007), to the extent those cases state that WIGI denials, if covered by a CBA, are not appealable to the Board even when an aggrieved employee has alleged a PPP other than a PPP under 5 U.S.C. § 2302(b)(1).

¶9        The Board in *Silveria* also cited to the Office of Personnel Management's regulation at 5 C.F.R. § 531.410(d), which states as follows:

> When a negative [WIGI] determination is sustained after reconsideration, an employee shall be informed in writing of the reasons for the decision and of his or her right to appeal the decision to the Merit Systems Protection Board. However, for an employee covered by a collective bargaining agreement a reconsideration decision that sustains a negative determination is only reviewable in accordance with the terms of the agreement.

This regulation accurately sets forth the general rule of 5 U.S.C. § 7121(a)(1), but it does not account for either of the exceptions to that rule that allow for a direct Board appeal where a PPP has been alleged, i.e. 5 U.S.C. § 7121(d) and (g). To the extent that this regulation is inconsistent with the statute, the statute controls. *See Johnson v. Department of Justice*, 71 M.S.P.R. 59, 67 (1996) (finding that the provisions of a statute will prevail in any case in which there is a conflict between a statute and a regulation).

---

[6] In support of this holding, the Board in *Hunt* relied on *Espenschied v. Merit Systems Protection Board*, 804 F.2d 1233, 1236-37 (Fed. Cir. 1986). However, *Espenschied* was issued prior to the enactment of 5 U.S.C. § 7121(g) in 1994.

¶10    Turning to the facts of this case, the appellant is a bargaining unit employee covered by a CBA with a negotiated grievance procedure that includes WIGI denials.  IAF, Tab 4 at 13.  Prior to filing an appeal with the Board, he requested reconsideration of the agency's denial and the agency upheld the denial.  *Id.* at 26-38.  The appellant then timely filed an appeal with the Board, alleging that the WIGI denial constituted a PPP under 5 U.S.C. § 2302(b)(2) and (b)(12).  IAF, Tab 1 at 5.  There is nothing in the record to suggest that the appellant previously filed a grievance through the CBA or a complaint with the Office of Special Counsel regarding this WIGI denial.[7]  Therefore, it appears that the appellant may have made a valid election under 5 U.S.C. § 7121(g) to file an appeal directly with the Board, and we find that the appeal must be remanded for further adjudication of the issue.

¶11    We note that, to this point, the appellant has made only bare assertions of PPPs under 5 U.S.C. § 2302(b)(2) and (b)(12).  IAF, Tab 1 at 5.  Neither party has briefed whether the appellant is required to do anything more to establish the

---

[7] On his initial appeal form, the appellant checked "Yes" next to the question of whether, "[w]ith respect to the agency personnel action or decision you are appealing, have you, or has anyone on your behalf, filed a grievance under a negotiated grievance procedure provided by a [CBA]?"  IAF, Tab 1 at 4.  However, in response to the following question, he stated that he filed said grievance on December 15, 2016, which was nearly 9 months before the WIGI denial at issue here.  *Id.*  Moreover, in the agency's "declaration of collective bargaining agreement," the agency stated in no unclear terms that "[t]he Appellant has not grieved this action."  IAF, Tab 4 at 13.  Although it is not material to the outcome of this appeal, we note our disagreement with the administrative judge that an election to proceed before the Board under 5 U.S.C. § 7121(d) requires that the employee first obtain a final decision on a grievance.  ID at 4.  If the employee first elects to proceed with a grievance, the statute does not preclude Board review of the final decision under 5 U.S.C. § 7702(a), but the actual initial election under subsection (d) is between a negotiated procedure and any available statutory procedure, including an appeal directly to the Board.  *See Avila v. Defense Logistics Agency*, 21 M.S.P.R. 91, 92-93 (1984).

Board's jurisdiction over his appeal.[8]  Regardless, the appellant was not afforded notice that he needed to do anything further regarding his PPP allegations to establish jurisdiction.  *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (holding that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue). In the absence of briefing by the parties and adequate *Burgess* notice for the appellant, we will not decide this issue on the current record.  The administrative judge and the parties can address these issues on remand as necessary.

¶12        The administrative judge should also rule on the appellant's three objections to the Order and Summary of Telephonic Status Conference.  IAF, Tab 11 at 4-5.  Because they are not material to our holding here, we decline to rule on them at this time.  The appellant's Request for Order to Preserve Computer Files is denied because he has not alleged or shown that the computer files contain information relevant to the issues in this appeal.  PFR File, Tab 4 at 4; *see* 5 C.F.R. § 1201.72(a).  However, in light of the clarified jurisdictional

---

[8] The Board has held that, to elect its procedure under 5 U.S.C. § 7121(d), which requires an allegation of discrimination under 5 U.S.C. § 2302(b)(1), the discrimination allegation need not be nonfrivolous.  *See Farooq v. Corporation for National & Community Service*, 109 M.S.P.R. 73, ¶ 9 (2008); *Cooper v. Department of Defense*, 98 M.S.P.R. 313, ¶¶ 9-11 (2005); *see also* 5 C.F.R. § 1201.4(s) (defining "nonfrivolous allegation").  Moreover, the Board has held on occasion that, absent express instruction from Congress, the exceptions set forth in 5 U.S.C. § 7121(d), (e), and (g) should be treated the same.  *Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 16 (2013). However, it is potentially significant that appeals under section 7121(d) are brought under 5 U.S.C. § 7702, whereas appeals under section 7121(g) are brought under 5 U.S.C. § 7701.  *Cooper*, 98 M.S.P.R. 313, ¶ 10.  Section 7702(a)(1), unlike section 7701, specifically states that the Board "shall . . . decide both the issue of discrimination and the appealable action," and section 7702 does not differentiate between frivolous and nonfrivolous discrimination claims.  5 U.S.C. § 7702; *Bennett v. National Gallery of Art*, 79 M.S.P.R. 285, 289 (1998).

issue, the administrative judge should afford the parties another opportunity to initiate discovery.[9]

## ORDER

¶13     For the reasons discussed above, we remand this case to the Denver Field Office for further adjudication in accordance with this Opinion and Order.


FOR THE BOARD:


/s/
_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.

---

[9] The administrative judge previously stayed discovery pending a jurisdictional ruling. IAF, Tab 8 at 3. If the administrative judge deems it appropriate, he may initially limit discovery to the jurisdictional issue.