## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TIMOTHY JAMES SAMUELS,
Appellant,

v.

DEPARTMENT OF VETERANS
AFFAIRS,
Agency.

DOCKET NUMBER
NY-0752-14-0293-I-1

DATE: February 24, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Damon L. Burns</u>, Brooklyn, New York, for the appellant.

<u>Christopher P. Richins</u>, Esquire, Brooklyn, New York, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained the agency's removal action.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. For the reasons set forth below, we DENY the petition for review, VACATE the initial decision's notice of mixed-case appeal rights, and otherwise AFFIRM the initial decision.

## BACKGROUND

¶2    The agency removed the appellant, a Housekeeping Aid, WG-3566-02, for absence without official leave (AWOL), failure to follow proper leave procedures, and conduct unbecoming a Department of Veterans Affairs employee. Initial Appeal File (IAF), Tab 8, Subtabs 4a, 4b, 4d. The basis of the agency's removal action began with a July 3, 2013 altercation involving the appellant and two other agency employees. *Id.*, Subtab 4d at 4, Subtab 4g at 16-18. Shortly after the altercation, agency officials separated the three employees pending the results of an internal investigation and directed the appellant, who was assigned to the New York campus (referred to as the Manhattan campus during the proceedings below), to report for a detail to the agency's Brooklyn campus. *Id.*, Subtab 4h at 1; IAF, Tab 19, Appellant's Exhibit 1; Hearing Compact Disc (HCD) (testimony of the Assistant Chief of the Environmental Management Service). The agency also referred the matter to the U.S. Attorney for the Southern District of New York for criminal proceedings. IAF, Tab 8, Subtab 4g at 18, Tab 28

at 10.[2]  The appellant reported for duty at the Brooklyn campus for 1 day.  IAF, Tab 8, Subtab 4g at 12, Tab 12 at 3.  In September 2013, the agency proposed the appellant's removal for AWOL, failure to follow proper leave procedures, and disorderly conduct.  IAF, Tab 8, Subtab 4f.  In October 2013, the appellant provided an oral reply to the proposal.  *Id.*, Subtab 4e.  In January 2014, the agency rescinded the first proposal and then issued a second proposal to remove the appellant with additional specifications of AWOL and failure to follow proper leave procedures, and a revised charge of conduct unbecoming a Department of Veterans Affairs employee.  *Id.*, Subtab 4d.  The appellant did not reply to the second proposal, and the agency issued a decision sustaining the charges and removing him, effective May 28, 2014.  *Id.*, Subtab 4b.  The appellant timely filed a Board appeal challenging the removal action and alleging that the union failed to properly represent him.[3]  IAF, Tab 1 at 6.

¶3      Following a hearing, the administrative judge issued an initial decision sustaining two of the three charges and affirming the penalty of removal.  IAF, Tab 34, Initial Decision (ID).  Specifically, the administrative judge found that the agency had proven by preponderant evidence the charges of AWOL and conduct unbecoming.  ID at 17, 30.  The administrative judge found that the agency had not provided the appellant with the leave procedure that he was required to follow, particularly during the detail that he began on July 8, 2013, or

---

[2] The recording of the second day of the hearing became inaccessible, and the administrative judge issued an order reopening the record to set forth the relevant testimony from the second day of the hearing and inquired whether the parties wished to stipulate to the testimony.  IAF, Tab 28.  The agency did so by pleading, and the appellant did so during a telephonic conference.  IAF, Tabs 29, 33.

[3] In his initial appeal, the appellant also indicated that he had been denied a within-grade increase and that the agency had failed to restore, reemploy, or reinstate him; however, he failed to respond to the administrative judge's orders directing him to show that the Board has jurisdiction over these claims, and the administrative judge deemed the claims waived.  IAF, Tab 1 at 4; Tabs 4-6, 9; Tab 15 at 3; Tab 16; Tab 34, Initial Decision at 1 n.1.  The appellant does not raise these matters on review or assert that the administrative judge erred in deeming them waived.

advised him of the consequences of failing to follow the leave procedure, and concluded that the agency had not proven the charge of failure to follow proper leave procedures. ID at 19-28. The administrative judge further found that, although the appellant had not initially raised any affirmative defenses, certain statements in his testimony could be construed as affirmative defenses. ID at 31 n.34. She then found that the appellant had not proven any affirmative defenses of discrimination, harmful procedural error, or due process violations. ID at 30-44. The administrative judge concluded that, concerning the two remaining charges, the agency had established a nexus between the misconduct and the efficiency of the service and that the penalty of removal did not fall outside the bounds of reasonableness, and she sustained the removal. ID at 45, 50-51.

¶4      The appellant has timely filed a petition for review in which he generally argues that the agency did not establish its burden of proof and further argues that (1) the agency was negligent in presenting "a full discovery" and did not present all of the evidence; (2) he was the victim of discrimination based on a prior criminal charge; (3) management failed to conduct a proper investigation; (4) he fully complied with the agency's instructions and was not assigned to a department or supervisor; (5) he was present at work; and (6) the agency did not follow the Master Agreement with the appellant's union (Master Agreement). Petition for Review (PFR) File, Tab 1 at 4. The agency has filed a response opposing the petition. PFR File, Tab 3. As set forth below, we find each of the appellant's arguments to be without merit.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant has not established a basis on which to reverse the administrative judge's findings that the agency proved two of its three charges and that the penalty was within the bounds of reasonableness.

¶5      On review, the appellant appears to challenge the administrative judge's finding that the agency proved its charge of AWOL. PFR File, Tab 1 at 4. He alleges that he fully complied with the instructions from management at the

agency's Manhattan campus, but he was not assigned to a department or supervisor for proper management. *Id.* He further alleges that he was present at work, presumably on the dates the agency charged him with being AWOL, and has proof of his presence. *Id.* The appellant appears to be referring to his contention below that when he reported to the agency's Brooklyn campus, management there sent him back to the Manhattan campus, but the Manhattan campus management would not let him work. IAF, Tab 1 at 6, HCD (testimony of the appellant). The argument that the appellant was not assigned a supervisor at the Brooklyn campus was not one that the appellant argued below. Moreover, by his own testimony, he reported to a supervisor at the Brooklyn campus who provided him with work on the first day, and we find his argument unconvincing that he was absent because he was not assigned to a supervisor. HCD (testimony of the appellant). The appellant's argument that he complied with the Manhattan campus management's instructions was carefully considered and rejected by the administrative judge in finding that the agency had proven its charge of AWOL. ID at 28-30. Finally, the appellant did not provide evidence with his petition to prove his presence at the workplace.[4] PFR File, Tab 1 at 4.

¶6        We discern no reason to disturb the administrative judge's findings that the agency proved its charges of AWOL and conduct unbecoming, as the record reflects that the administrative judge considered the evidence as a whole, drew appropriate inferences from the evidence, and made reasoned conclusions on the issue of credibility. ID at 7-30; *see Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶¶ 6-8 (2016) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on the issue of credibility); *Broughton*

---

[4] The Office of the Clerk of the Board rejected two filings submitted by the appellant postmarked after the time to file a reply had passed and notified him that he must request leave to file an additional pleading. PFR File, Tabs 4, 6. To date, the appellant has not requested leave from the Office of the Clerk of the Board.

*v. Department of Health and Human Services*, [33 M.S.P.R. 357](#), 359 (1987) (same). The appellant has not challenged the administrative judge's findings sustaining the charge of conduct unbecoming, concluding that the agency proved a nexus between the misconduct and the efficiency of the service, and concluding that the penalty was within the bounds of reasonableness, and we see no reason to revisit these findings on review.

The appellant has not established a basis on which to reverse the administrative judge's findings addressing his allegations of harmful procedural error and due process violations.

¶7        On review, the appellant alleges that the agency did not present "a full discovery," did not present all of the evidence to make a proper decision, and failed to properly investigate events. PFR File, Tab 1 at 4. Based on the appellant's arguments below, it appears that he is asserting that the agency did not fully investigate the incident that served as the basis of the charge of conduct unbecoming and did not provide him with all of the materials generated from the investigation. HCD (testimony of the appellant). He further alleges that the agency did not follow procedures as delineated in the Master Agreement between the agency and the appellant's union. PFR File, Tab 1 at 4. Although the appellant has not specified which procedures the agency is alleged to have failed to follow, he stated below that the agency did not provide the union with information it requested regarding the investigation of the July 3, 2013 incident, did not inform the union of his detail, and did not bargain in good faith with the union. IAF, Tab 12 at 3, Tab 19, Appellant's Exhibit 2; ID at 38-43.

¶8        The administrative judge addressed these arguments in the initial decision under a harmful procedural error analysis. ID at 38-43. The record reflects that the appellant did not expressly raise these issues as affirmative defenses, and the administrative judge initially did not identify them as such, but following the hearing, she liberally construed them as affirmative defenses and found that the

appellant had not proven harmful procedural error or a due process violation. IAF, Tab 15, ID at 38-43.

¶9  The administrative judge did not notify the appellant of his burden of proof and the elements to show harmful procedural error or a due process violation prior to issuing the initial decision; however, this error was not prejudicial to the appellant's substantive rights because the initial decision was sufficient to place the appellant on notice of his burden to prove harmful procedural error and due process violations.  ID at 36, 38; *see Sabio v. Department of Veterans Affairs*, 124 M.S.P.R. 161, ¶ 6 n.2 (2017) (noting that, although the appellant was not notified of the correct standard and burden of proof applicable to her affirmative defense, the initial decision set forth the correct standard and provided her with notice and an opportunity to meet her burden on review); *Caracciolo v. Department of the Treasury*, 105 M.S.P.R. 663, ¶ 11 (2007) (holding that the failure to provide the appellant with proper notice on what is required to establish an appealable jurisdictional issue can be cured if the initial decision itself puts the appellant on notice of what she must do to establish jurisdiction so as to afford her the opportunity to meet her burden for the first time on review), *overruled on other grounds by Brookins v. Department of the Interior*, 2023 MSPB 3.

¶10  The appellant's petition does not explain why the administrative judge's reasoning is incorrect; nor does he allege that the administrative judge failed to consider the record evidence.  PFR File, Tab 1 at 4.  A petition for review must state a party's objections to the initial decision, including all of the party's legal and factual arguments, and must be supported by specific references to the record and any applicable laws or regulations.  5 C.F.R. § 1201.114(b); *see Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 11 (2013) (citing *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980) (stating that before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect and identify the specific evidence in the record that demonstrates the error).  We agree with the

administrative judge's well-reasoned findings that the appellant failed to establish that the agency committed harmful procedural error or due process violations and see no reason to disturb these findings.  *See Clay*, 123 M.S.P.R. 245, ¶¶ 6-8.

The appellant's claim of discrimination does not identify a protected basis under 5 U.S.C. § 7702, thus we vacate the notice of mixed-case appeal rights in the initial decision.

¶11    On review, the appellant also argues that he was the victim of discrimination based on a prior criminal charge.  PFR File, Tab 1 at 4.  The appellant has not identified the charge to which he refers; however, based on his arguments below, we surmise that he refers either to the agency's reporting of the July 3, 2013 incident to the U.S. Attorney for the Southern District of New York for criminal proceedings or to a past criminal conviction.  The appellant first alleged at the prehearing conference that he was discriminated against because a criminal investigation was initiated based on the July 3, 2013 incident and alluded to a past criminal history.  IAF, Tab 15 at 2 n.1, Prehearing Conference Compact Disc (PCCD) (statement of the appellant).  The administrative judge initially did not identify this argument as a claim of discrimination because the appellant did not refer to a class protected from discrimination.  Prior to issuing the initial decision, the administrative judge did not notify the appellant of his burden to prove discrimination.  IAF, Tab 15, ID at 6 n.8, 31 n.34.  However, based on the appellant's hearing testimony, she treated the appellant's claim as one of discrimination and found that the appellant had not proven an affirmative defense of discrimination.  ID at 30-35.

¶12    Upon reviewing the record, we find that the appellant did not raise a claim of discrimination identifying a basis protected under 5 U.S.C. § 7702(a)(1)(B), thus it was unnecessary for the administrative judge to analyze his claim under a discrimination framework or to afford the appellant notice of mixed-case appeal rights.  PCCD (statement of the appellant), HCD (testimony of the appellant); *see Guzman v. Department of Veterans Affairs*, 114 M.S.P.R. 566, ¶ 20 (2010)

(holding that the appellant did not allege discrimination under the provisions in 5 U.S.C § 7702(a)(1)(B) and was not entitled to have received mixed-case appeal rights). Accordingly, we vacate the initial decision's notice of mixed-case appeal rights.

<u>Any claim of a due process violation or harmful error relating to the agency's reliance on the appellant's criminal proceedings is without merit.</u>

¶13        To the extent the appellant is alleging that he was denied due process or that the agency committed harmful procedural error when it investigated and referred the July 3, 2013 incident to the U.S. Attorney for the Southern District of New York for criminal proceedings, we find no evidence of error. The deciding official and the appellant discussed the criminal proceedings during the appellant's oral reply to the first proposal to remove him. IAF, Tab 8, Subtab 4e. The agency also provided the appellant, after his oral reply, with the investigative report referencing the criminal proceedings and allowed him an opportunity to respond to it after issuing the second proposal to remove him. HCD (testimony of the appellant); IAF, Tab 8, Subtab 4d at 4, Subtab 4g at 18. We find that the appellant was notified of the information the agency considered that concerned the criminal proceeding and that he had an opportunity to reply to it prior to the agency issuing the decision to remove him; thus, we find that there is no evidence he was denied due process. *See Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376 (Fed. Cir. 1999) (holding that introducing new and material information to the deciding official can undermine an employee's due process guarantee of notice and the opportunity to respond). There also is no evidence that any of the agency's actions related to the criminal investigation constituted a failure on the agency's part to follow its procedures; accordingly, we find that the appellant has not shown harmful procedural error under 5 U.S.C. § 7701(c)(2)(A).

¶14        To the extent the appellant is alleging that the agency considered a criminal charge prior to the criminal proceedings originating from the July 3, 2013 incident, we note that at the prehearing conference, he vaguely alluded to a prior

charge as the reason the agency initiated a criminal investigation, but he did not otherwise pursue this allegation. PCCD (statement of the appellant); HCD (testimony of the appellant). Although the record does not reflect that the deciding official considered a prior criminal charge in her decision to remove the appellant, there is one mention of the appellant's criminal history in the record, located in the investigative report of the July 3, 2013 incident. IAF, Tab 8, Subtab 4g at 22. The agency provided the appellant with this report and an opportunity to respond to it, and there is no indication that the agency failed to follow its procedures by including his criminal background in the investigative report; accordingly, the appellant has not established that the agency erred regarding its use of his prior criminal history. HCD (testimony of the appellant); IAF, Tab 8, Subtab 4d at 4; *see* 5 U.S.C. § 7701(c)(2)(A); *Stone*, 179 F.3d at 1376.

¶15    Accordingly, we deny the appellant's petition for review, vacate the initial decision's notice of mixed-case appeal rights, and affirm the initial decision as modified.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                         /s/ for
                                      _____
                                      Jennifer Everling
                                      Acting Clerk of the Board

Washington, D.C.