# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DION CHANNING WOODARD,
Appellant,

v.

DEPARTMENT OF THE NAVY,
Agency.

DOCKET NUMBER
DC-3443-22-0500-I-1

DATE: April 11, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Dion Channing Woodard, Germantown, Maryland, pro se.

David L. Mannix, Esquire, Falls Church, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his classification appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's new arguments on review that the Board has jurisdiction over his claim as an employment practice or the denial of a within-grade increase (WIGI), we AFFIRM the initial decision.

## BACKGROUND

The appellant is a GS-13 Supervisory Acquisition Specialist employed in the agency's Bureau of Medicine and Surgery's Naval Medical Logistics Command (NMLC). Initial Appeal File (IAF), Tab 1 at 7. This position is in the competitive service. *Id.* According to the appellant, in April 2020, the agency's Naval Sea Systems Command (NAVSEA) offered him a position with a higher salary. *Id.* at 9. In May 2020, his then-supervisor agreed to, among other things, submit the appellant's position description to agency human resources within 30 days in exchange for the appellant remaining in his position. *Id.* at 13-14. The appellant filed the instant appeal, alleging that the agency did not honor the agreement. *Id.* at 5, 9-10. He asserted that, instead of reclassifying his position within 30 days to reflect his additional duties, "[t]he command pen[ned] and inked the changes" on his position description without seeking reclassification 2 years later. *Id.* at 5. He also asserted that he "lost pay based on the assumption that the job would grade out at GS[-]14." *Id.*

The administrative judge issued a jurisdictional order, advising the parties that the Board generally lacks jurisdiction over appeals concerning position

classification disputes.  IAF, Tab 3 at 2.  She ordered the appellant to provide evidence and argument on the jurisdictional issue.  *Id.* at 3.  The appellant did not respond.  IAF, Tab 6, Initial Decision (ID) at 2.  Thereafter, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  ID at 1, 4.  She determined that the appellant appeared to argue that, upon failing to reclassify his position, the agency denied him a promotion to which it had agreed.  ID at 3.  She reasoned that the appellant was alleging either that he was denied reclassification of his position or a promotion, and that the Board lacks jurisdiction over either matter.  *Id.*

On review, the appellant argues for the first time that he was subjected to an employment practice that violated the requirements of 5 C.F.R. § 300.103.  Petition for Review (PFR) File, Tab 1 at 4.  He again asserts that the agency breached an agreement to reclassify his position in order to retain him as an employee.  *Id.* at 4-5.  The agency has not responded to the petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

With his petition for review, the appellant has submitted emails between him and NAVSEA reflecting that NAVSEA offered him a position as an NT-05 Administrative/Technical Specialist in April 2020, and that he turned down the offer in May 2020, in favor of remaining at NMLC due to his supervisor's commitment to request reclassification of his position.  *Id.* at 23-27.  He also attaches emails from January 2022, in which he disagreed with an agency official regarding what the official termed a "Pen and Ink change" to the appellant's position description.  *Id.* at 20-23.  The rest of his attachments are not new.  *Id.* at 15-19; IAF, Tab 1 at 11-15.

We have considered the appellant's submissions, both below and on review, to the extent that they are relevant to the issue of Board jurisdiction, a matter that may be raised at any time during Board proceedings.  *Lovoy v. Department of Health & Human Services*, 94 M.S.P.R. 571, ¶ 30 (2003).

However, the documents do not change the outcome here because they are evidence supporting the appellant's allegations.

An appellant bears the burden of proving that the Board has jurisdiction over his appeal. *Kim v. Department of the Army*, 119 M.P.S.R. 429, ¶ 6 (2013). If the appellant makes a nonfrivolous allegation of fact that, if proven, would establish the Board's jurisdiction, then he is entitled to a hearing at which he must prove jurisdiction. *Id.* A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). The administrative judge presumed the appellant's allegations were true for the purposes of determining whether he made nonfrivolous allegations of jurisdiction entitling him to a jurisdictional hearing, as do we. ID at 3; *see Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994) (explain that an administrative judge may not weigh the evidence and resolve conflicting assertions in determining if an appellant has made a nonfrivolous allegation of jurisdiction). We agree with the administrative judge that the appellant did not meet his burden.

<u>The agency's failure to reclassify the appellant's position is not appealable to the Board as an employment practice.</u>

The appellant does not dispute, and we discern no basis to disturb, the administrative judge's findings that the Board lacks jurisdiction over the agency's failure to reclassify his position or promote him. ID at 2-3. For the first time on review, however, the appellant argues that the agency's failure to reclassify his position constituted an employment practice applied to him by the Office of Personnel Management (OPM) under 5 C.F.R. Part 300. PFR File, Tab 1 at 4.

Under 5 C.F.R. § 300.104(a), "[a] candidate who believes that an employment practice which was applied to him or her by [OPM] violates a basic requirement in § 300.103 is entitled to appeal to the Merit Systems Protection Board under the provisions of its regulations." To be appealable, an employment practice must pertain to an applicant's selection for an initial appointment or competitive promotion. *Crum v. Department of the Navy*,

75 M.S.P.R. 75, 78-80 (1997) (citing *Kelly v. Office of Personnel Management*, 53 M.S.P.R. 511, 516 (1992)); *see* 5 C.F.R. § 300.101 (explaining that the purpose of OPM's employment practices regulations is, as relevant here, "to establish principles to govern . . . the employment practices . . . that affect the recruitment, measurement, ranking, and selection of individuals for initial appointment and competitive promotion in the competitive service"). The term "employment practice," defined in 5 C.F.R. § 300.101, refers to those practices "that affect the recruitment, measurement, ranking, and selection of individuals for initial appointment and competitive promotion in the competitive service." 5 C.F.R. § 300.101.

We find that the appellant's allegations concerning the agency's actions do not relate to initial appointment or competitive promotion. Moreover, as noted above, employment practices concern "measurement, ranking, and selection," while here, the appellant asserts that the agency should have reclassified his position to reflect the additional duties that he had performed for years. PFR File, Tab 1 at 4; IAF, Tab 1 at 13. Presuming that the reclassified position would grade out at GS-14, he believes he has "lost potential increases in pay in 2020, 2021, and 2022." PFR File, Tab 1 at 5-6; IAF, Tab 1 at 5.

The appellant is arguing, in essence, that he should have been upgraded without competition. Because his allegations do not relate to initial appointment or competitive promotion, we find that they are insufficient to invoke the Board's jurisdiction over his claims as an employment practices appeal. *See Crum*, 75 M.S.P.R. at 79-80 (determining, as relevant here, that the appellants failed to establish jurisdiction under 5 C.F.R. § 300.104(a) when they did not show that any alleged improprieties in their reclassifications related to initial appointment or competitive promotion).

The appellant has failed to allege that he was denied a WIGI.

For the first time on review, the appellant claims that he is appealing the denial of a WIGI. PFR File, Tab 1 at 4. Citing 5 U.S.C. § 5335(c) and 5 C.F.R.

§ 531.410, the appellant indicates that he is appealing a "[r]econsideration decision sustaining a negative determination of competence for a general schedule employee." *Id.* As with his "employment practice" claim first raised on review, we will consider this new argument because it implicates the Board's jurisdiction. *See Lovoy*, 94 M.S.P.R. 571, ¶ 30.

An employee under the General Schedule earns periodic increases in pay, or within-grade increases, as long as his performance is at an acceptable level of competence. 5 U.S.C. § 5335(a); *Brookins v. Department of the Interior*, 2023 MSPB 3, ¶ 6. When an agency determines that an employee is not performing at an acceptable level of competence and that a WIGI should be withheld, the employee is entitled to "prompt written notice of that determination" and an opportunity for reconsideration under regulations prescribed by OPM. 5 U.S.C. § 5335(c). OPM's regulations provide that an employee must seek reconsideration of a decision to withhold a within-grade increase in writing within 15 days of receiving the decision from the agency. 5 C.F.R. § 531.410(a)(1). If the determination is affirmed on reconsideration, the employee is entitled to appeal to the Board. 5 U.S.C. § 5335(c).

The appellant does not allege that the agency denied him a periodic increase in pay. PFR File, Tab 1 at 4. Nor has he claimed that anyone determined his performance was unacceptable. *Id.* The appellant alleges that the agency breached its agreement to seek reclassification of his position from a GS-13 to a GS-14 level. IAF, Tab 1 at 5; PFR File, Tab 1 at 4-5. Thus, he has failed to nonfrivolously allege that he was denied a WIGI.

Accordingly, we find that the administrative judge properly dismissed this appeal for lack of jurisdiction. We modify the initial decision to address the appellant's new arguments on review.

**NOTICE OF APPEAL RIGHTS**[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.