# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DEBORAH MORTON-HAMLET,
      Appellant,

       v.

UNITED STATES POSTAL SERVICE,
      Agency.

DOCKET NUMBER
SF-3443-16-0626-I-1

DATE: April 5, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Deborah Morton-Hamlet</u>, Portland, Oregon, pro se.

<u>Michael R. Tita</u>, Esquire, Sandy, Utah, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

## FINAL ORDER

¶1      The appellant has filed a petition for review and the agency has filed a cross petition for review of the initial decision, which dismissed her appeal for lack of Board jurisdiction. For the reasons discussed below, we DENY the petition for

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

review, GRANT the cross petition for review, and AFFIRM the initial decision AS MODIFIED. Except as expressly MODIFIED by this Final Order to dismiss several issues in the appeal on collateral estoppel grounds, we AFFIRM the initial decision.

## BACKGROUND

¶2 This appeal arises on grounds identical to those in the appellant's prior Board appeal filed on March 23, 2015. *Morton-Hamlet v. U.S. Postal Service*, MSPB Docket No. SF-3443-15-0433-I-1, Initial Decision (June 24, 2015) (0433 ID).[3] The appellant is a preference eligible pursuant to 5 U.S.C. § 2108(3)(E), based on her marriage to a service-connected disabled veteran who has been unable to qualify for an appointment in the civil service. *Id.* at 2; Initial Appeal File (IAF), Tab 6 at 21. Both appeals originated with the appellant's reassignment, effective March 7, 2015, from a position within her medical restrictions to an unrestricted position. 0433 ID at 2; IAF, Tab 1 at 2, Tab 7 at 4-5, 35.

¶3 In her prior appeal, the appellant raised several issues related to the reassignment, which took place after the agency required her to rebid for the position to which she was assigned "due to operational needs." 0433 ID at 3. The appellant refused to bid, and effective March 7, 2015, she was assigned to the position of Mail Processing Clerk (Automation). *Id.* Notably, the appellant has not worked since that time. IAF, Tab 6 at 6-7. In her prior appeal, the appellant alleged that the agency breached a 2007 grievance settlement agreement that allowed her to work in a position with certain medical restrictions by moving her into a position without such restrictions. 0433 ID at 2, 4-5. She also asserted that the agency improperly calculated the rate of annual leave she was accruing because she did not receive credit for her husband's military service. *Id.* at 2,

---

[3] Neither party filed a petition for review in the prior appeal, and the initial decision is thus the Board's final decision in that case. 5 C.F.R. § 1201.113.

5-6. She claimed she was subject to a reduction in force when the agency was unable to accommodate all of her medical restrictions as set forth in her light-duty request. *Id.* at 6-7. Finally, she alleged she was subject to a reduction in pay when she was not accorded "out of schedule" premium pay to compensate for the change in her duty days after she was reassigned to the new position. *Id.* at 7. The administrative judge issued an initial decision that dismissed the appeal for lack of Board jurisdiction. *Id.* at 1, 8.

¶4 The current appeal addressed the same issues regarding the appellant's reassignment and her added allegations of illegal discrimination based on disability. IAF, Tab 6 at 1-8, Tab 10 at 3. The appellant argued that, because she was hired as a preference eligible in a "restricted assignment which was a position recommended for an individual with [her] disabling condition," she should not have been reassigned. IAF, Tab 6 at 1-2. She also argued that she was not required to request reasonable accommodation after she was reassigned because the parties understood when she was initially hired that, if she were reassigned from the restricted position, accommodations would be necessary. *Id.* at 2. Therefore, she argued, the agency's request that she provide updated medical documentation and its decision to send her home pending receipt of that documentation was discriminatory. *Id.* at 3.

¶5 Because the appellant's current appeal so strongly resembles her previous appeal, the administrative judge gave the appellant notice regarding the possible preclusion of her claims under the doctrines of res judicata and collateral estoppel and an opportunity in which to respond. IAF, Tab 8. In her response, the appellant admitted that the instant appeal "is similar in some evidence" to her previous appeal, but she asserted the matter is still ongoing and she believes the agency has discriminated against her based on disability. IAF, Tab 10 at 3. Despite the identicality of facts and issues in the two appeals, the administrative judge found that neither collateral estoppel nor res judicata precluded the appellant from bringing the current appeal. IAF, Tab 12, Initial Decision (ID)

at 3.  The administrative judge found that collateral estoppel did not apply because the appellant was unrepresented in the previous appeal.  ID at 4.  Because the previous appeal was decided on jurisdictional grounds, the administrative judge found, the doctrine of res judicata did not apply.  *Id.*  The administrative judge nevertheless concluded that the appellant had not alleged any matter within the Board's jurisdiction.  ID at 5-7.  Specifically, she found that the appellant's reassignment claim did not fall within the Board's jurisdiction.  ID at 5.  She further found that the appellant had made nothing more than bare allegations to support her contention that her status as a preference eligible or her right to reasonable accommodation would have required the agency to exempt her from the bidding process in which she refused to participate.  ID at 6-7.  To the extent the appellant was seeking to raise a discrimination claim based on her medical disability or any other protected factor, the administrative judge found that she had raised no independent basis for the Board's jurisdiction to attach.  ID at 7.  The administrative judge thus dismissed the appeal for lack of jurisdiction.  ID at 8.  Because she found that the Board lacks jurisdiction over the appeal, she did not address the issues the agency had raised related to the timeliness of the appeal.  ID at 7-8.  The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a cross petition for review.  PFR File, Tab 3.

## ANALYSIS

¶6        On review, the appellant articulates several reasons why she believes the initial decision is incorrect and the Board has jurisdiction over her appeal.  PFR File, Tab 1 at 5-30.  We have considered these arguments and, because they are without merit as we explain herein, we deny her petition for review.  In the cross petition for review, the agency asks the Board to dismiss the appeal on grounds related to judicial efficiency.  PFR File, Tab 3 at 4-5.  Because Board precedent

supports the agency's request, we modify the initial decision to find that the appellant's primary jurisdictional arguments are barred by collateral estoppel.

¶7    In *McNeil v. Department of Defense*, 100 M.S.P.R. 146 (2005), the Board clarified its longstanding four-part test for collateral estoppel.  The Board held that collateral estoppel, or issue preclusion, was appropriate when (1) the issue is identical to that involved in the prior action, (2) the issue was actually litigated in the prior action, (3) the determination on the issue in the prior action was necessary to the resulting judgment, and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented in that action.  *Id.*, ¶ 15.  The first three elements are clearly met in this case.  Contrary to the administrative judge's finding in the initial decision regarding the fourth element, ID at 3-4, the Board in *McNeil* explained that the matter of representation is ordinarily at issue only when an individual who was *not* a party to the earlier proceeding contests an issue that was decided in that proceeding, *McNeil*, 100 M.S.P.R. 146, ¶ 14.  Here, the appellant was a party to the earlier proceeding, where she had a full and fair opportunity to litigate the issue of Board jurisdiction.  Accordingly, all alleged bases for jurisdiction that the appellant reasserted from her prior appeal are barred by collateral estoppel, even though she did not have an attorney or other representative in the earlier action.  0433 ID at 4-7; *see McNeil*, 100 M.S.P.R. 146, ¶¶ 14-15.

¶8    The appellant also argued that the Board has jurisdiction over her appeal because, in requiring her to participate in its annual in-section bidding process, the agency failed to accommodate her disability.  IAF, Tab 6 at 1-8, Tab 10 at 3.  She reasserts this argument on review.  PFR File, Tab 1 at 7-8, 10-18, 21-30.  By reassigning her to a nonrestricted position in March 2015, she argues, the agency

sought "to further incapacitate" her.[4] *Id.* at 7. She includes with her petition for review the content of letters from medical providers, medical assessments from 2007 and 2015, and copies of agency regulations on medical issues.[5] *Id.* at 14-16, 22-28, 31-39. However, the Board cannot review a discrimination claim raised in an appeal when it lacks jurisdiction over the underlying action. *Saunders v. Merit Systems Protection Board*, 757 F.2d 1288, 1290 (Fed. Cir. 1985); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). Her argument is thus unavailing.

¶9      Finally, the appellant argues that the administrative judge should have recused herself and the agency representative should have been disqualified because they were involved in her prior appeal, which was dismissed for lack of jurisdiction.[6] PFR File, Tab 1 at 8. The appellant has not identified any basis for taking such actions. Neither the fact that the administrative judge was assigned to the appellant's other appeal, nor the fact that she made rulings with which the

---

[4] The appellant similarly asserted that she refused to continue in the reassigned position and so she "EXERCISED [HER] OSHA RIGHT AND REFUSED TO FURTHER DO UNDUE HARM TO [HERSELF]." IAF, Tab 6 at 6 (all capitals in original); *see* PFR File, Tab 1 at 13 (asserting the same argument). The appellant has not shown, however, that Federal occupational safety and health laws provide any basis for the Board's jurisdiction.

[5] To the extent these documents were submitted for the first time on review, the Board will not consider them because they predate the close of the record below, and the appellant has not explained why they were unavailable before the record closed. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (holding that the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence). Because the Board lacks jurisdiction over the appellant's claim of disability discrimination, these documents also fail to meet the Board's requirement that new evidence must be of sufficient weight to warrant an outcome different from that of the initial decision. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

[6] The appellant actually states that the Board's administrative judge also was the administrative judge in her equal employment opportunity case. PFR File, Tab 1 at 8. We believe she likely meant that the same administrative judge presided in both of her Board appeals.

appellant disagrees, overcomes the presumption of honesty and integrity due to administrative judges, and the appellant has identified no conduct or comments by the administrative judge that evidence a deep-seated favoritism or antagonism. *See Caracciolo v. Department of the Treasury*, 105 M.S.P.R. 663, ¶ 14 (2007) (holding that the mere fact that the administrative judge made rulings with which the appellant disagrees does not support a recusal) (citing *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980), and *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002)), *overruled on other grounds by Brookins v. Department of the Interior*, 2023 MSPB 3.  As for disqualifying the agency representative, a party seeking to disqualify the other party's representative bears the burden of showing that the representative has a conflict of interest or conflict of position.  *Metzenbaum v. General Services Administration*, 83 M.S.P.R. 243, ¶ 3 n.1 (1999); 5 C.F.R. § 1201.31(b).  The appellant has not made such a showing, and we thus find her arguments unavailing.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                              _____
                                              Jennifer Everling
                                              Acting Clerk of the Board
Washington, D.C.