**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

RONALD C. GRAHAM,
      Appellant,

    v.

DEPARTMENT OF VETERANS
  AFFAIRS,
      Agency.

DOCKET NUMBER
AT-315H-18-0244-I-1

DATE:  March 20, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Frankie Baker</u>, Tampa, Florida, for the appellant.

<u>Barbara Kehoe</u>, Esquire, St. Petersburg, Florida, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

Effective July 23, 2017, the agency appointed the appellant to a Nursing Assistant position in the excepted service subject to the completion of a 1-year probationary period. Initial Appeal File (IAF), Tab 5 at 6. The record reflects that the appellant had prior service that the agency credited towards completion of his probationary period and that his probationary period was scheduled to end on February 21, 2018. *Id.* By notice dated January 8, 2018, the agency informed the appellant that he would be terminated from his position based on alleged misconduct effective January 10, 2018. IAF, Tab 1 at 9-11. The appellant appealed and, attached to his appeal, he submitted a Standard Form 50 (SF-50) showing that he resigned from his position effective January 10, 2018. *Id.* at 8. The administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction upon finding that the appellant failed to show that he was an employee with appeal rights under 5 U.S.C. § 7511(a)(1)(C). IAF, Tab 6, Initial Decision (ID) at 3-4. The appellant petitions for review of the initial decision and the agency responds in opposition to the petition for review. Petition for Review (PFR) File, Tabs 1, 4.

The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence. *Niemi v. Department of the Interior*, 114 M.S.P.R. 143, ¶ 8 (2010). The administrative judge must provide the

appellant with explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). Here, because the appellant is a nonpreference eligible in an excepted-service appointment, he must satisfy the definition of "employee" set forth at 5 U.S.C. § 7511(a)(1)(C) to have Board appeal rights. *McCrary v. Department of the Army*, 103 M.S.P.R. 266, ¶ 7 (2006).

In her jurisdictional order, the administrative judge provided the appellant with notice of how a *competitive* service employee could establish the Board's jurisdiction over his appeal. IAF, Tab 3. She did not provide *Burgess* notice appropriate to the appellant's situation. However, the Board has held that the failure to provide an appellant with proper *Burgess* notice in an acknowledgement order or show cause order can be cured if the initial decision itself puts the appellant on notice of what he must do to establish jurisdiction so as to afford him the opportunity to meet his jurisdictional burden for the first time on review. *Caracciolo v. Department of the Treasury*, 105 M.S.P.R. 663, ¶ 11 (2007), *overruled on other grounds by Brookins v. Department of the Interior*, 2023 MSPB 3. Although the administrative judge's jurisdictional order did not contain *Burgess* notice appropriate to this appeal, the initial decision *did* contain this notice. ID at 2-3. Thus, the appellant received actual notice of how he may establish jurisdiction over his appeal and an opportunity to establish jurisdiction on review. Under the circumstances, the administrative judge's failure to provide proper *Burgess* notice below did not prejudice the appellant's substantive rights. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

Under 5 U.S.C. § 7511(a)(1)(C), an "employee" is a nonpreference eligible in the excepted service:

(i)  who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or

(ii)  who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less[.]

5 U.S.C. § 7511(a)(1)(C); *McCrary*, 103 M.S.P.R. 266, ¶ 7.  According to the evidence of record, the appellant resigned[2] prior to completing his probationary period and cannot satisfy section 7511(a)(1)(C)(i).  IAF, Tab 1 at 8.  According to the service computation date on the SF-50 documenting his resignation, he had less than 2 years of total Federal service at the time of his separation, and therefore, he cannot satisfy section 7511(a)(1)(C)(ii).  *Id.*

In his petition for review, the appellant again argues that the agency's reasons for terminating him are false.  PFR File, Tab 1.  He does not address the issue of jurisdiction.  Accordingly, we find that the administrative judge correctly found that the appellant failed to show that he is an "employee" with appeal rights to the Board under 5 U.S.C. § 7511(a)(1)(C), and properly dismissed this appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.   5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[2] Whether the appellant resigned or was terminated, he is required to show that he is an "employee" under 5 U.S.C. § 7511(a)(1)(C).

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

   http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.