**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DONNA D. PARRISH, | DOCKET NUMBER |
| Appellant, | AT-0432-22-0653-B-1 |
| v. | |
| DEPARTMENT OF HEALTH AND HUMAN SERVICES, | DATE: April 3, 2026 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Donna D. Parrish, Douglasville, Georgia, pro se.

Ayoka Campbell Davis, Esquire, Atlanta, Georgia, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained the agency's decision to deny her a within-grade increase (WIGI). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis of the validity of the appellant's performance standards and to clarify his finding regarding the appellant's failure to accommodate and disparate treatment disability discrimination claims, we AFFIRM the initial decision.

## BACKGROUND

The appellant was employed as a GS-13 Program Specialist by the agency's Administration for Children and Families (ACF) in the Immediate Office of the Regional Administrator (IORA) in Atlanta, Georgia. *Parrish v. Department of Health and Human Services*, MSPB Docket No. AT-0432-22-0653-I-1, Initial Appeal File (IAF), Tab 1 at 1, Tab 11 at 5, Tab 75 at 52-58. In January 2018, the appellant received a rating of "Achieved Expected Results" for the 2017 calendar year. IAF, Tab 59 at 11. On May 23, 2018, the agency issued the appellant a performance deficiency notice for the period of January 1 through May 21, 2018, outlining her performance standards and providing examples of her deficiencies in each area. *Parrish v. Department of Health and Human Services*, MSPB Docket No. AT-0432-22-0653-B-1, Remand Appeal File (RF), Tab 13 at 9-13.[2] The appellant acknowledged receipt of the notice. *Id.* at 13. On May 29, 2018,

---

[2] The notice was dated May 21, 2018, but the appellant signed for receipt of the notice on May 23, 2018. RF, Tab 13 at 9, 13.

the agency denied the appellant's WIGI because her performance was not at an "acceptable level of competence" (ALOC) for the January 1 to May 21, 2018 period. *Id.* at 29-33. The appellant requested reconsideration of the denial of her WIGI in June 2018. IAF, Tab 59 at 39, 45. The agency issued a decision denying her request. *Id.* at 32-33.

The agency removed the appellant effective January 11, 2019, for a charge of unacceptable performance. IAF, Tab 11 at 5, Tab 12 at 5-7. The National Treasury Employees Union invoked arbitration on her behalf. IAF, Tab 28 at 253. On September 20, 2021, the arbitrator denied the appellant's grievance after a hearing. IAF, Tab 14 at 5-30. The appellant sought review in the U.S. Court of Appeals for the Federal Circuit, which affirmed the arbitrator's decision. *Parrish v. Department of Health and Human Services*, No. 2022-1170, 2022 WL 17495909 (Fed. Cir. Dec. 8, 2022) (per curiam).

Meanwhile, in September 2022, the appellant filed an appeal with the Board, challenging her WIGI denial and removal. IAF, Tab 1 at 2, 77. The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 91, Initial Decision (ID) at 1, 7. In relevant part, he found that the appellant elected to grieve both the WIGI denial and her removal through the negotiated grievance procedure. ID at 3-6.

The appellant filed a petition for review of that decision with the Board. *Parrish v. Department of Health and Human Services*, MSPB Docket No. AT-0432-22-0653-I-1, Petition for Review (PFR) File, Tab 1. The Board issued a Remand Order in which it agreed with the administrative judge's determination that the Board lacks jurisdiction over the appellant's removal. *Parrish v. Department of Health and Human Services*, MSPB Docket No. AT-0432-22-0653-I-1, Remand Order (RO), ¶¶ 1, 10-18 (Aug. 9, 2024). However, the Board reversed the administrative judge's finding that the Board lacks jurisdiction over the appellant's WIGI denial and remanded that claim for adjudication on the merits. RO, ¶¶ 1, 19-26.

After allowing additional evidence and argument, the administrative judge issued a remand initial decision, sustaining the agency's WIGI denial. RF, Tab 14, Remand Initial Decision (RID) at 1, 21. He found that the Office of Personnel Management (OPM) approved the agency's performance appraisal system, that the agency had communicated the appellant's performance standards to her, and that the standards were valid. RID at 4-5. He also determined that the agency established, as alleged, that the appellant's performance was unsatisfactory in three of her critical elements. RID at 5-9. The administrative judge concluded that the appellant did not prove her affirmative defenses of harmful procedural error, violation of her due process rights, discrimination on the bases of race, sex, and disability, and equal employment opportunity (EEO) and whistleblower reprisal. RID at 9-10.

The appellant has filed a petition for review of the remand initial decision.[3] Remand Petition for Review (RPFR) File, Tab 1. The agency has responded, and the appellant has replied.[4] RPFR File, Tabs 3-4.

---

[3] The appellant asserts that she has new evidence in the form of a Georgia Department of Labor determination letter. RPFR File, Tab 1 at 11. However, she has not attached the letter to her petition for review, and the Board is therefore unable to consider it. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

[4] In her reply to the agency's response, the appellant alleges that the agency engaged in criminal fraud and delayed issuing her WIGI denial; that the administrative judge in this appeal and an Equal Employment Opportunity Commission administrative judge were biased; and that an agency official engaged in, or attempted to engage in, nepotism. RPFR File, Tab 4 at 9-11, 13-14. Because these arguments invoke new legal theories not raised in her petition for review or in the agency's response, we will not consider them. *See Lin v. Department of the Air Force*, 2023 MSPB 2, 8 n.4 (stating that, because a reply is limited to the issues raised by another party in the response to the petition for review and may not raise new allegations of error, the Board would not consider arguments first raised in a reply); 5 C.F.R. § 1201.114(a)(3).

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>We affirm the administrative judge's finding that the appellant's performance standards were valid, as modified to supplement his analysis.</u>

Under 5 U.S.C. § 5335(c), a General Schedule employee may appeal an agency's reconsideration decision denying her a WIGI on the basis that she has not performed at an ALOC. *Brookins v. Department of the Interior*, 2023 MSPB 3, ¶ 6. An employee is performing at an ALOC if she received a rating of "at least Level 3 ('Fully Successful' or equivalent)" on her most recent rating of record. 5 C.F.R. § 531.404(a). The agency bears the burden of proof, and its WIGI denial may be sustained only if it is supported by substantial evidence. 5 C.F.R. § 1201.56(b)(1)(i).

The administrative judge found that the agency's burden was to establish that (1) OPM approved the agency's performance appraisal system; (2) the appellant's performance standards were valid; (3) the standards were communicated to her; and (4) she failed to perform at an ALOC. ID at 3. The parties do not dispute this formulation of the agency's burden, and we discern no basis to revisit it here. *See Chaggaris v. General Services Administration*, 49 M.S.P.R. 249, 253-56 (1991) (sustaining a WIGI denial because the agency's standards were valid and communicated to the employee, and the agency proved by substantial evidence that the employee's performance was not at an ALOC).

The appellant challenges the administrative judge's determination that OPM approved the agency's performance appraisal system. RID at 4-5; RPFR File, Tab 1 at 7. We discern no basis to disturb the administrative judge's well-supported finding. RID at 4; RF, Tab 10 at 114-15; *see Daigle v. Department of Veterans Affairs*, 84 M.S.P.R. 625, ¶ 12 (1999) (finding that if an employee alleges there is reason to believe that the agency's performance appraisal system lacks OPM's approval, the Board may require the agency to submit evidence of such approval).

We also decline to disturb the administrative judge's finding that the agency communicated the appellant's performance standards to her. RID at 4-5. The appellant's performance year was the same as the calendar year. IAF, Tab 52 at 4. The appellant acknowledged receipt of her standards for calendar year 2018 by signing them on January 24, 2018. *Id.* at 4-9. The critical elements of her performance were identified as "Administrative Requirements," "Strategic Initiatives," "State and External Relations," "Communications," and "Partnership Development."[5] *Id.* at 5-9. These standards were the same as those that the appellant acknowledged receiving in February 2017 for the 2017 calendar year. IAF, Tab 40 at 337, 339-42.

Although not a model of clarity, the appellant appears to argue on review that the agency submitted into the record below performance standards that it did not provide to her. RPFR File, Tab 1 at 1-4 (citing RF, Tab 13 at 5, 39-45). We cannot determine if the appellant raised this argument below. In any event, we do not find it persuasive. The appellant challenges the authenticity of an unsigned version of her performance appraisal that she argues was missing three pages. *Id.* The document in question reiterates the appellant's performance standards. RF, Tab 13 at 39-41. It also states that the agency did not complete an end of year evaluation for calendar year 2018 because the appellant was "on Administrative Leave from November 19, 2018 until her termination on January 11, 2019." *Id.* at 43. The fact that the appellant did not receive a final performance appraisal for calendar year 2018, and that she did not sign this document, does not negate her receipt of her performance standards in February 2017 and January 2018. In sum,

---

[5] The first critical element, Administrative Requirements, was common for all agency employees. IAF, Tab 52 at 14. The agency categorized the last four elements under a section of the performance plan identified as "Individual Performance Outcomes-Critical Element," but nonetheless identified each as "critical." *Id.* at 6-9, 14. It also provided that an employee who received a rating of achieved unsatisfactory results, in other words a rating of less than "2," in any one element would receive an unsatisfactory summary rating. *Id.* at 14.

we agree with the administrative judge's determination that the agency proved by substantial evidence that the appellant's standards were communicated to her.

The parties do not dispute the administrative judge's determination that the appellant's performance standards were valid. RID at 5 & n.2. However, because he did not analyze the specific standards at issue, we supplement the initial decision to provide this missing rationale. RID at 5.

Performance standards must, to the maximum extent feasible, permit the accurate evaluation of performance based on objective job-related criteria. 5 U.S.C. § 4302(c)(1); *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 29 (2010). Standards must be reasonable, realistic, attainable, and clearly stated in writing. *Lee*, 115 M.S.P.R. 533, ¶ 29. Provided these requirements are met, the Board will defer to managerial discretion in determining what agency employees must do to perform acceptably in their positions. *Id.*

The appellant's 2018 performance standards set forth five levels of performance on which each critical element was to be evaluated, ranging from achieved outstanding results (level 5) to achieved unsatisfactory results (level 1). IAF, Tab 52 at 4. Under each critical element, the plan listed the tasks associated with the particular element, and the plan also described the type of performance necessary to obtain an achieve expected results (level 3) rating. *Id.* at 6-9, 12.

For example, the "Strategic Initiatives" critical element stated that the appellant was required to "[d]evelop cohesive regional strategic initiative plans that include clear actionable goals; outcomes-based objectives; research[-]informed and/or data-driven strategies; actions; and measures of success." *Id.* at 6. The "Communications" element required the appellant to "[s]upport [her supervisor] in speaking engagements, gathering information on audience, conducting research on topics, drafting talking points, and developing presentations." *Id.* at 8. To achieve expected results in these elements, the appellant was advised that she needed to "[c]onsistently meet[] performance requirements," follow up as necessary, and demonstrate accountability. *Id.* at 12.

We agree with the administrative judge's finding that the standards were "sufficiently clear to ensure the appellant could understand them, and were also reasonable, realistic, and attainable." RID at 5.

In finding the standards valid, the administrative judge acknowledged that they were "somewhat subjective." RID at 5. To the extent that an assessment of the listed skills and tasks requires a somewhat subjective evaluation of an employee's performance, the Board has consistently found that professional and technical jobs, such as the appellant's, are often not susceptible to performance standards that are strictly objective and may require a degree of subjective judgment that would not be necessary or proper in a position of a less professional or technical nature. *See Greer v. Department of the Army*, 79 M.S.P.R. 477, 483-84 (1998); *Benavides v. Department of the Air Force*, 43 M.S.P.R. 468, 471-72 (1990). Based on the foregoing, we affirm the administrative judge's finding, as supplemented, that the appellant's performance standards were valid.

## The administrative judge properly found that the agency proved by substantial evidence that the appellant failed to perform at a Fully Successful level.

The remaining issue is whether the agency proved by substantial evidence that the appellant's performance during the appraisal period was not Fully Successful in one or more critical elements. The administrative judge found that the agency's memoranda to the appellant on May 23 and 29, 2018, which she did not specifically refute, constituted substantial evidence that her performance was not at an ALOC. RID at 5-9. These memoranda reflect the agency's assessment that the appellant's performance in the critical elements of Administrative Requirements, Strategic Initiatives, and Communications was unacceptable. RID at 5-9; RF, Tab 13 at 9-12, 29-31. The appellant argues on review that the administrative judge erred in finding that she did not challenge these specific performance deficiencies. RPFR File, Tab 1 at 6, 12, 21. She contends that she

disputed the alleged deficiencies in her June 2018 mid-point self-assessment.[6] *Id.* (citing IAF, Tab 73 at 18-27). We agree with the administrative judge's finding that the agency met its substantial evidence burden to support its WIGI denial.

An agency's burden of providing substantial evidence of an appellant's unacceptable performance can be met largely by submissions of documentation through the charges and the appellant's working papers. *Fernand v. Department of the Treasury*, 100 M.S.P.R. 259, ¶ 10 (2005), *aff'd per curiam*, 210 F. App'x 992 (Fed. Cir. 2006). In the context of a removal for unacceptable performance under chapter 43, the Board has recognized that a proposal notice can constitute valid proof of an agency's charges, when the notice is not merely conclusory, but sets forth in detail an employee's errors and deficiencies, and is corroborated by other evidence. *Id.* By analogy, an agency can meet its burden to prove an employee was not performing at an ALOC in the context of a WIGI denial by presenting a detailed performance appraisal corroborated by other evidence.

In determining that the agency met its burden, the administrative judge properly considered relevant documentary evidence, including the May 23, 2018 performance deficiency notice and the May 29, 2018 WIGI denial, both of which identified the appellant's performance deficiencies. RID at 5-7; RF, Tab 13 at 9-13, 29-33. For example, although the Strategic Initiatives critical element of the appellant's performance standards required that she "[d]evelop cohesive . . . strategic initiative plans" that included goals and objectives, she did not provide the goals or objectives portions of her plan, even after guidance on how to do so, including a one-on-one session with her supervisor. RF, Tab 13 at 10, 306. In the critical element of Communications, the appellant's supervisor indicated she had accepted a speaking engagement in February 2018 but that, due to the appellant's failure to provide the speaker packet, she had to cancel her attendance

---

[6] The appellant argues that she did not receive her mid-point appraisal in writing; instead, she received a blank form. RPFR File, Tab 1 at 10; IAF, Tab 73 at 28-39. This event occurred on July 18, 2018, post-dating the denial of her WIGI on May 21, 2018. IAF, Tab 73 at 28. Thus, could not have been a factor in denying the WIGI.

on the day of the event. *Id.* at 11, 30. In April 2018, the appellant's supervisor had to cancel another speaking engagement when, after multiple submissions, the appellant failed to update the PowerPoint presentation for the event to incorporate feedback from her supervisor and colleagues. *Id.* at 11.

We agree with the administrative judge's assessment of the appellant's argument below. RID at 7; RF, Tab 12. On review, the appellant again fails to directly challenge specific performance deficiencies but asserts that they were addressed in her June 2018 mid-point self-assessment and claims that the administrative judge failed to consider that document. RPFR File, Tab 1 at 6, 12, 21; IAF, Tab 73 at 18-27. However, the administrative judge's failure to explicitly mention all the evidence of record does not establish that he failed to consider it in reaching his decision. *Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Moreover, even assuming the administrative judge did not consider the appellant's 2018 mid-point self-assessment, any such omission would not alter the outcome of this appeal. The appellant implicitly conceded that her strategic tracker was deficient by asserting that she communicated her goals "[d]uring this mid-point." *Compare* RF, Tab 13 at 30, *with* IAF, Tab 73 at 21. She also acknowledged that her failure to provide a speaking packet for her supervisor required the supervisor to cancel her attendance at a conference on the day of the event. RF, Tab 13 at 30; IAF, Tab 73 at 22.

<u>We agree with the administrative judge that the appellant did not prove her harmful procedural error claims.</u>

On review, the appellant asserts that her most recent rating, issued in January 2018 for the 2017 calendar year, reflected Fully Successful performance and that the agency raised no concerns to her when she received her 2018 performance standards in February 2018. RPFR, Tab 1 at 9; IAF, Tab 59 at 11; RF, Tab 12 at 49. She also argues that the agency improperly issued a performance deficiency notice for January through May 2018 without following

regulatory and agency procedures. RPFR File, Tab 1 at 8-10. The administrative judge found that the appellant failed to establish a violation of 5 C.F.R. § 531.404. RID at 7-9, 11. He concluded that the agency complied with the regulation by issuing a new rating of record by memorandum covering January 1 through May 21, 2018, before issuing the WIGI denial. RID at 9. We agree.

Reversal of an action based on an agency's failure to comply with statutory, regulatory, or agency procedures is warranted only when an appellant proves by preponderant evidence that the error likely had a harmful effect on the outcome of the case before the agency. *Bowden v. Department of the Army*, 59 M.S.P.R. 662, 667-68 (1993). The appellant asserts that the agency erred when it did not give her an opportunity to improve her performance, and that the agency failed to maintain a WIGI reconsideration file. RPFR File, Tab 1 at 10-11. She also argues that the agency failed to have her sign off on her new rating of record as required by the agency when an employee receives a summary rating of achieved unsatisfactory results. *Id.* at 8-9 (citing IAF, Tab 66 at 77).

Under 5 C.F.R. § 531.404, an agency must grant a WIGI if the employee's "most recent rating of record" is "at least Level 3 ('Fully Successful' or equivalent)." An agency is permitted, however, to issue a "more current rating of record . . . [w]hen a within-grade increase is not consistent with the employee's most recent rating of record." 5 C.F.R. § 531.404(a)(1). In other words, it can correct its rating of record by preparing a new appraisal. *Bowden*, 59 M.S.P.R. at 668 n.6.

The record reflects that the agency assigned a new rating of "unacceptable" for the period covering January 1 to May 21, 2018, a few days before it issued the WIGI denial. RF, Tab 13 at 9, 29. The appellant's argument that her 2017 rating remained in effect is unpersuasive because the agency was permitted to issue a new interim rating to reflect the intervening deficiencies. Further, on May 23, 2018, the appellant signed off on the agency's letter notifying her that her performance was unacceptable. RF, Tab 13 at 13. Thus, we agree with the

administrative judge's conclusion that the agency complied with regulatory requirements in issuing the rating of record before denying the WIGI.

The appellant also argues that, once she received the performance deficiency notice on May 23, 2018, she was not given any time to improve her performance before she was advised of the denial of her WIGI on May 29, 2018. RPFR File, Tab 1 at 10. This argument is unavailing. As the appellant correctly stated below, an agency is not required to provide an employee with an opportunity to improve before denying a WIGI. RF, Tab 12 at 9; *see Lance v. Department of Energy*, 28 M.S.P.R. 467, 469-71 (1985) (holding that, while an agency must provide an opportunity to improve when it contemplates an adverse action because of a performance rating, an opportunity to improve is not required when it contemplates denial of a WIGI).

Lastly, the appellant disputes the administrative judge's finding that she cited no evidence supporting her claim that she requested the reconsideration file. RPFR File, Tab 1 at 10-11. OPM's regulations provide that when an employee requests reconsideration of a WIGI denial, "the agency shall establish an employee reconsideration file," which must include "all pertinent documents," including a copy of "the report of investigation when an investigation is made." 5 C.F.R. § 531.410(a)(2)(iii). In addressing the appellant's claim of procedural error below, the administrative judge concluded that the appellant "cited no evidence supporting her claim that she requested the file," and, further, that she did not claim or present evidence that any alleged error was harmful. RID at 11.

The appellant points to evidence in the record that she requested this file. RPFR File, Tab 1 at 10-11 (citing IAF, Tab 59 at 34). Specifically, the appellant provided a copy of a letter to the agency dated October 28, 2019, in which she requested "a copy of [the] investigation file" supporting the reconsideration decision denying her WIGI. IAF, Tab 59 at 34. To the extent that the appellant argues the administrative judge erred failing to recognize that the appellant made this request, we are not persuaded. The appellant did not cite to this or any other

evidence in her close of record submission to support her claim that she requested the file. RID at 11 (citing RF, Tab 12 at 8). The administrative judge was correct in noting this deficiency in the appellant's pleadings.

In any event, the appellant's request for the "investigation file" does not provide a basis for reversing the initial decision. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). We agree with the administrative judge that the appellant has not shown, or even alleged, that had the agency maintained a reconsideration file, her WIGI likely would have been granted. RID at 11; RF, Tab 12 at 8; IAF, Tab 59 at 34; *see Bowden*, 59 M.S.P.R. at 666-69 (concluding that an agency's failure to issue a new rating of record when denying a WIGI, as required by OPM regulations, did not entitle an employee to the windfall of a WIGI). Therefore, she has not shown harmful procedural error.

<u>We agree with the administrative judge that the appellant did not prove a violation of her right to due process.</u>

The appellant appears to challenge the administrative judge's finding that she did not prove a violation of her right to due process as it relates to the denial of her WIGI. RPFR File, Tab 1 at 2, 4-7. In finding that the appellant did not prove a violation of due process, the administrative judge indicated that the appellant was entitled to prior notice and an opportunity to respond because the denial of a WIGI was an appealable agency action, thus she had a property right in continued employment. RID at 10.

Regardless of whether receiving a WIGI is a property right, we agree with the administrative judge that all that constitutional due process requires prior to the denial of a WIGI is notice and an opportunity to respond. *Bowden*, 59 M.S.P.R. at 666-67 (citing *Griffith v. Federal Labor Relations Authority*, 842 F.2d 487, 495-501 (D.C. Cir. 1988) (concluding that the requirements of procedural due process do not apply to the denial of a WIGI because there is no

constitutional property interest in a WIGI)).  We also agree that the appellant received notice and an opportunity to respond.  RID at 10; RF, Tab 13 at 29-33; IAF, Tab 59 at 32-33, 39, 45.

To the extent that the appellant argues for the first time on review that she specifically was entitled to an opportunity to improve before the agency denied her a WIGI, and that the EEO and grievance processes were flawed, her claims exceed the requirements of due process.  PFR File, Tab 1 at 2, 4-7; RF, Tab 12 at 32.  Once an agency takes its action, due process requires only that an employee have an opportunity to challenge the agency's actions before the Board. *Henton v. U.S. Postal Service*, 102 M.S.P.R. 572, ¶ 13 (2006).  The appellant received that right, as reflected by the instant appeal.

<u>We affirm as modified the administrative judge's finding that the appellant did not prove her failure to accommodate or disparate treatment disability discrimination claims.</u>

On review, the appellant provides a quote from a coworker's affidavit, submitted during the agency's EEO investigation into the appellants' claims, in which the coworker stated that, before leaving the agency in June 2017, supervisors were "actively looking for a reason to remove [the appellant's] telework privileges."  IAF, Tab 78 at 318.  The appellant also argues that the agency treated this coworker as poorly as the agency treated the appellant.  RPFR File, Tab 1 at 11.  However, the appellant does not dispute the administrative judge's determination below that the appellant did not establish that this coworker was a valid comparator for purposes of the appellant's discrimination claims.  RID at 14 n.3.  The appellant also does not contest the administrative judge's determination that she did not prove her race and sex discrimination claims or her EEO reprisal claim.  RID at 12-16.  Therefore, the appellant's assertions related to her coworker provide no basis to disturb the initial decision.

The parties also do not challenge the administrative judge's determination that the appellant did not prove her affirmative defenses of disability

discrimination based on an alleged failure to reasonably accommodate her disability or disparate treatment. RID at 16-19. However, we modify the initial decision to clarify the applicable legal standard.

The appellant alleged discrimination based on a failure to accommodate her disabilities. RF, Tab 12 at 15-16, 18-19. In order to establish disability discrimination based on a failure to accommodate, an employee must show that: (1) she is an individual with a disability, as defined by 29 C.F.R. § 1630.2(g); (2) she is a qualified individual with a disability, as defined by 29 C.F.R. § 1630.2(m); and (3) the agency failed to provide a reasonable accommodation. *Miller v. Department of the Army*, 121 M.S.P.R. 189, ¶ 13 (2014). The appellant claimed below that the agency failed to reasonably accommodate her "[s]evere single current episode of major depressive disorder, without psychotic features." IAF, Tab 58 at 129; RF, Tab 12 at 15-16, 72-74. The administrative judge found that the appellant failed to present evidence that this condition substantially limited one or more major life activities. RID at 17. This was in error. The Equal Employment Opportunity Commission's regulations recognize that major depressive disorder substantially limits brain function. 29 C.F.R. § 1630.2(j)(3)(iii); *see McNab v. Department of the Army*, 121 M.S.P.R. 661, ¶ 7 (2014). Therefore, the appellant satisfied the first prong, and we modify the remand initial decision accordingly.

In any event, the administrative judge found that even assuming the appellant proved she was disabled, she did not make the reasonable accommodation request that she raised below until October 2018, after the denial of her WIGI reconsideration request. RID at 17; RF, Tab 12 at 36; IAF, Tab 75 at 203. Thus, her WIGI denial could not have been the result of a failure to accommodate. RID at 17. As relevant here, the appellant requested a reasonable accommodation on October 1, 2018, to "telework for three consecutive days at the end of each week," to be excused from unnecessarily burdensome additional tasks such as completion of time logs of her activities or signing in and out, and

to have a flexible work schedule to attend therapy and medical appointments. IAF, Tab 58 at 74, 83-84. The performance deficiencies at issue were identified from January 1 through May 21, 2018, the WIGI was denied in May 2018, and the denial of the WIGI reconsideration request was in September 2018. RF, Tab 13 at 9, 29; IAF, Tab 59 at 32-33. Thus, we agree with the administrative judge's finding that the appellant's reasonable accommodation request, and the agency's subsequent decision to deny it, could not constitute an affirmative defense for the action at issue, i.e., the denial of her WIGI.

In addition, in the remand initial decision, the administrative judge recognized that the appellant might have been raising a disparate treatment claim related to her disability. RID at 18; RF, Tab 12 at 71-72. He concluded that the appellant failed to show that her disability was a motivating factor in the removal action. RID at 18-19. To obtain any relief for disability discrimination, an appellant must prove by preponderant evidence that her disability was a motivating factor in the agency's action. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 40, 42. The appellant has not challenged the administrative judge's determination that she did not prove her disability was a motivating factor in her WIGI denial, and we decline to disturb this finding.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____
                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.